**BURTON W. DUENKE BUILDING COM-
PANY, a Corporation, (Plain-
tiff) Respondent,**

**v.**

**Charles W. WHITNEY and Helen M. Whit-
ney, (Defendants) Appellants.**

**No. 31592.**

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1964.

————◆———

Jones & Alexander, D. Calhoun Jones, St. Louis, for appellants.

William R. Bascom, C. Perry Bascom, Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel, for respondent.

WOLFE, Judge.

This is a suit by the corporate plaintiff for damages arising out of an alleged breach of contract. The defendants entered into a contract to purchase a home constructed by the plaintiff company and paid $100 earnest money. The defendants later declined to purchase the home for the reason that it was used as a display house in the subdivision being developed by the plaintiff after the contract of sale was signed. The defendants counterclaimed for the $100 earnest money which they had paid. There was a verdict for the plaintiff on the defendants' counterclaim and a verdict for the plaintiff on the plaintiff's cause of action with an award of $1.00 damages. The plaintiff filed a motion for a new trial, and the court sustained the motion and ordered a new trial on the issue of damages only. The defendants appealed.

The facts of the case are that the defendants agreed, by a written contract of sale, to purchase from the plaintiff a lot improved by a newly constructed house for the sum of $30,500. This house and lot were in Harwood Hills Subdivision being developed by the plaintiff. The contract was entered into with the Suburban Real Estate Company, as agent for the plaintiff. This was a corporation the stock of which was owned, one-half by Burton W. Duenke,

president of the plaintiff company, and the other half by the vice-president of the Burton W. Duenke Building Company, the plaintiff. The building company plaintiff was completely owned by Duenke. The contract entered into on July 27, 1959 provided that if the defendants sold the home that they then owned and financing could be obtained, the sale would be closed on October 2, 1959. Both of these conditions were met.

After the contract was signed plaintiff used the garage of the house as an office, and the house was used and shown as a display house for prospective purchasers who came to the subdivision. Defendant Charles W. Whitney testified that he visited the house several times after the contract was entered into, and each time he found it filled with people and the plaintiff using the garage as an office and the house as a display home. He said that the plaintiff's whole operation was being conducted from the house that he had contracted to buy as a new house. The defendants objected to the use of the house, but in spite of the objections, the plaintiff continued to so use it. On October 2, 1959, the defendants refused to close the purchase agreement because the house had been so used.

The plaintiff sold the house for the same price on July 27, 1960 to another person. Plaintiff seeks by this action to recover commissions paid to the Suburban Real Estate Company on the contract signed by the defendants and expenses in maintaining the house up to the time of its sale on July 27, 1960. A witness for the plaintiff said that this expense was $200 a month. There was evidence that a bath tub in the house had been damaged and that the plaintiff had collected insurance for the damages.

The contract provided that the house would be accepted by the purchaser in the condition it was in at the time the contract was signed. It also provided that the purchaser had an option to cancel the contract if the property was damaged and not restored. Neither of these provisions was mentioned in the instructions to the jury, either given or offered. After the jury had retired and deliberated for an hour and five minutes, they sent a note to the Judge with the question: "Is it legal to award token damages of $1.00?" The court ordered the jury in and answered the question by referring them to the instruction it had previously given. Ten minutes later they returned with the verdict mentioned, awarding the plaintiff $1.00 damages.

■ As stated, the trial court granted a new trial on the issue of damages only. It was proper to grant a new trial for the verdict was inconsistent. The jury plainly expressed the conclusion that the defendants breached the contract, but that the plaintiff was not entitled to damages for the breach. This probably arose from the fact that the jury was not fully instructed. The verdict-directing instruction made no mention of the plaintiff's obligation under the contract to deliver the house in the same condition that it was in at the time the contract was entered into. The instruction tended to negate that part of the contract by stating that the jury should find for the plaintiff "even though you should find that the plaintiff used the real estate as a display house from the time of the execution of the contract to the sale of the real estate." There was evidence of damage to the house, as stated, and the jury was not instructed upon the only obvious defense available to the defendants under the evidence.

The respondent contends that we cannot consider any errors not properly preserved for review under Supreme Court Rule 83.13 (a), V.A.M.R. This is a rule from which we cannot depart except when the case before us comes under Supreme Court Rule 79.04, which states: "Plain errors affecting substantial rights may be considered on motion for a new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

Here it is evident that the defense that the defendants had was never presented to the jury. It is also evident that the verdict returned was not only inadequate but inconsistent. For these reasons we hold that since the case must be retried, it would be manifestly unjust to try only the issue of damages to the plaintiff. Highfill v. Brown, Mo.Sup., 320 S.W.2d 493; Kamo Electric Cooperative v. Brooks, Mo.App., 337 S.W.2d 444.

We therefore reverse the order of the trial court granting a new trial upon the issue of damages only and remand the case for a new trial upon all issues.

RUDDY, P. J., and ANDERSON, J., concur.