**Pamela Sue SCOTT, Respondent,**

v.

**Steven Edward DAVIS, Appellant.**

**No. WD 35853.**

Missouri Court of Appeals,
Western District.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 29, 1985.
Application to Transfer Denied
Feb. 26, 1985.

Richard Modin, Kansas City, for appellant.

Paul O. Liebengood, Blue Springs, for respondent.

Before TURNAGE, C.J., and MANFORD, J., and MESSINA, Special Judge.

MANFORD, Judge.

This appeal arises from the granting of a new trial. The judgment is affirmed.

Two points are presented, which allege that the trial court erred in granting respondent a new trial, because (1) appellant's motion for directed verdict should have been granted, and (2) there is an inconsistency of the verdicts which would support the grant of a new trial.

In summary, the facts are as follows.

On December 14, 1979, respondent was operating a 1972 Ford. Appellant was operating a 1973 Pontiac. Respondent pulled her Ford partially onto the street, totally blocking the southbound traffic lane. While attempting to avoid respondent's vehicle, appellant collided with respondent's vehicle. Respondent and a passenger in respondent's vehicle testified that appellant's vehicle was traveling approximately 70 m.p.h. An investigating officer testified that the minimum speed at impact was 41.59 m.p.h.

At the close of respondent's case, appellant moved for a directed verdict, and the same motion was made at the close of the evidence. Both motions were denied. Respondent's claim was submitted to the jury on appellant's excessive speed. Appellant's counterclaim was submitted to the jury on respondent's failure to maintain a proper lookout and the failure to yield the right-of-way.

The jury returned the following verdicts:

## VERDICT A

On the claim of Plaintiff, Pamela Sue Scott, against Defendant, Steven Edward Davis, we, the undersigned jurors, find in favor of Steven Edward Davis. (list of jurors names)

## VERDICT B

On the claim of defendant, Steven Davis, for property damage against plaintiff Pamela Sue Scott, we, the undersigned jurors, find in favor of Steven Davis.

We, the undersigned jurors, find the total property damages of defendant Steven Davis to be $1,050.00.

We, the undersigned jurors, assess the percentages of fault as follows:

| | |
|---|---|
| Pamela Sue Scott | 70% |
| Steven Davis | 30% |
| Total | 100% |

(list of jurors names)

■ Appellant's point (1) can be summarily disposed of by stating that a review of the evidence reveals that respondent, upon her initial claim, made a submissible case as to withstand appellant's motions and the trial court did not err in denying appellant's motions for directed verdict.

Appellant's point (2) presents a unique case in Missouri law, the facts being that appellant, by a jury, was found to be completely free from fault as regards respondent's original claim, and yet the jury assessment of 30% fault against appellant on his counterclaim is a first in our state.

■ Ordinarily, a verdict may be and usually is set aside and a new trial granted where the verdict is self-contradictory, inconsistent, or incongruous, and the relief by way of a new trial should be granted where more than one verdict is returned in the same litigation and those verdicts are

inconsistent or irreconcilable. 66 C.J.S. *New Trial* § 66 (1950). A new trial is warranted where the verdict is inconsistent. *Burton Duenke Building Co. v. Whitney,* 384 S.W.2d 273, 274 (Mo.App. 1964). For a case of inconsistent verdicts in a personal injury case involving respondeat superior where the servant is exonerated, but the master is held liable, see *Rinker v. Ford Motor Co.,* 567 S.W.2d 655, 659 (Mo.App.1978).

The verdicts entered herein are to say the least illogical. The result was that appellant, as original defendant, was found to be free of fault in defense of respondent's original claim, and yet, 30% at fault upon his own counterclaim, while both claims arose from the same incident.

■ Missouri has adopted the comparative fault doctrine by judicial decision and by that decision, adopted what is commonly referred to as the *pure system* of comparative fault. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983). Under the *pure system,* damages are apportioned according to the proportionate fault of the parties. What yet remains for decision in Missouri is whether both fault and causal contribution should be compared when making that apportionment. *Gustafson* does not provide for any guideline upon that question. Because of the posture of this case, the answer to that question must remain to another day. It does, however, seem quite illogical that, as regards a single incident, a defendant could be held free of fault as to the plaintiff's original claim and yet be at fault to some percent as regards his own claim for damages presented by way of his counterclaim.

■ The verdicts herein are inconsistent. The trial court granted a new trial upon that basis. This court must affirm such new trial order if the granting of the motion is sustainable upon any basis. *Claspill v. Craig,* 586 S.W.2d 458, 461 (Mo. App.1979).

Judgment affirmed.

All concur.