Glenda Mae DOUGLASS (now Richey),
Plaintiff-Respondent,

v.

George SAFIRE, Defendant/Third Party
Plaintiff-Appellant,

v.

Michael RICHEY, Third Party
Defendant-Respondent.

No. 67778.

Supreme Court of Missouri,
En Banc.

June 17, 1986.

James C. Johns, William J. Cason, Michael X. Edgett, Fred R. Bunch, Clinton, for defendant/third party plaintiff-appellant.

Stanley Brian Cox, Sedalia, for plaintiff-respondent.

BLACKMAR, Judge.

Glenda Mae Douglass (now Richey) sued George Safire on account of injuries she sustained in a collision between his automobile and the motorcycle on which she was riding. Safire brought a third-party action against Michael Richey, the operator of the motorcycle, and now Glenda's husband. She then amended her complaint to seek a judgment against Michael.

The jury returned a verdict in favor of Glenda and against Safire and Michael, signed by nine jurors and reading as follows:

### VERDICT A

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff Glenda Mae Douglas Richey against defendant George Safire we, the undersigned jurors, find in favor of:

/s/ Glenda Mae Douglas Richey
(Plaintiff Glenda Mae       or (Defendant George Safire)
    Douglas Richey)

Note: Complete the following paragraph only if the above finding is in favor of plaintiff Glenda Mae Douglass Richey.

We, the undersigned jurors, find the damages of plaintiff Glenda Mae Douglas Richey to be as follows:

For personal injuries $60,000.00 (stating the amount or, if none, write the word, 'none').

Note: Complete by writing in the percentage of fault you assess to each of those named below. If you believe any of those named below is not at fault, write in 'zero' for that percentage. The total of the percentages you assess must be 100%.

We, the undersigned jurors, assess the percentages of fault as follows:

| | |
|---|---|
| Glenda Mae Douglas Richey | 0% |
| George Safire | 85% |
| Michael Richey | 15% |
| Total | 100% |

On Safire's third party claim, a verdict signed by all 12 jurors was returned, in the following terms:

## VERDICT B

Note: Complete this form by writing in the name required by your verdict.

On the claim of Third Party Plaintiff George Safire for property damage against Third Party Defendant Michael Richey, we, the undersigned jurors, find in favor of:

| Michael Richey |
|---|
| Third Party Plaintiff George Safire     Third Party Defendant Michael Richey |

Note: Complete the following paragraphs only if the above finding is in favor of Third Party Plaintiff George Safire.

We, the undersigned jurors, find the total property damages of Third Party Plaintiff George Safire to be $_____ (stating the amount).

Note: Complete by writing in the percentage of fault you assess to each of those named below. If you believe any

of those named below is not at fault, write in 'zero' for that percentage. The total of the percentages you assess must be 100%.

| | |
|---|---|
| Third Party Plaintiff George Safire | ___% |
| Third Party Defendant Michael Richey | ___% |
| TOTAL | 100% |

There was no request that the jury be returned for further consideration. The verdicts were duly recorded and the court entered judgments on them. Defendant Safire appealed, raising a total of nine points. The Court of Appeals, Western District, reversed and remanded for new trial by a divided vote, considering only the point that the verdicts were inconsistent. We granted transfer and now retransfer the case under guidance of this opinion.

■ We now hold that a claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged. Otherwise the claim of inconsistency will be held to have been waived. The reason is that, if the point is raised as soon as the verdict is returned, any error is capable of correction by ordering the jury to return for further deliberation. Our holding is in accord with the usual rule that the trial court must be given the opportunity to correct error while correction is still possible.

Safire cites cases in which it is apparently held that error may be predicated on an inconsistent verdict even though the appealing party made no request that the jury be returned.[1] He would place the entire burden on the trial court. We do not agree. No square decision of ours is cited in support of the proposition advanced. The other cases, if they do support Safire's claim, should no longer be followed. In our present procedural climate, which encourages the trial of multi-faceted cases together, it is all the more important that claims of infirmity in the verdict be

1. *Scott v. Davis,* 684 S.W.2d 872 (Mo.App.1984); *Stroud v. Govreau,* 495 S.W.2d 682 (Mo.App. 1973).

presented at a time when something can be done to correct the fault.

■ The present verdicts, moreover, are not necessarily inconsistent. Safire was obliged to establish, as an essential element of his recovery, that he sustained damage. The evidence of damage consisted of his own opinion of before-after values, and his undocumented testimony about the repair bill. If the jury was not satisfied with the proof of property damages it did not have to award Safire anything. *See Skadal v. Brown,* 351 S.W.2d 684 (Mo.1961), in which the jury found for the plaintiff on a claim for personal injuries, but for the defendant on the plaintiff's claim for property damage arising out of the same accident. Safire did not assert in a motion for new trial that the verdict in favor of Richey and against him is contrary to the weight of the evidence.

We are not persuaded that the asserted inconsistency in the verdict requires a new trial. The problem presented by this case very likely will not recur, because of a modification of the verdict form. MAI 37.-07 (1986 new) calls for a single apportionment of fault when there are multiple parties.

The Court of Appeals did not consider the appellant's remaining points urged for reversal, after concluding that the perceived inconsistency in the verdict mandated a new trial. We limited argument here to the single issue considered by that court. The appellant is entitled to a hearing on its remaining points, and the case is retransferred to the Court of Appeals, Western District, for that purpose.

All concur.