**Bradley HOLMES and Patricia Holmes, Appellants,**

v.

**Barbara M. DRAKEY, Respondent.**

**No. 53218.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

John J. Allan, St. Louis, for appellants.

Richard Charles Wuestling, IV, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellants, Bradley Holmes and his mother Patricia Holmes, appeal the trial court's denial of their motion for a new trial. Appellants motioned for a new trial after the jury returned its verdict in appellants' negligence action against respondent. The jury assessed zero percent of fault to appellant Bradley Holmes and zero percent of fault to respondent and found appellants' damages to be $0. Appellants' sole point on appeal is that the trial court erred in denying the motion for a new trial as the verdict was inconsistent. We affirm.

The evidence adduced at trial demonstrates that appellant Bradley Holmes and respondent Barbara M. Drakey were involved in an automobile collision on January 19, 1979, in St. Louis County. Holmes was a minor at the time of the incident in question. Holmes was driving an automobile south on Baxter Road approaching the intersection with Country Ridge. Both roads are two lanes wide. There was no stop sign for traffic on Baxter Road at the intersection with Country Ridge. The weather was overcast and the pavement was wet. As Holmes approached the intersection, he saw Drakey's automobile progress eastward on Country Ridge and come to a complete stop just past the stop sign at Baxter Road, but not into the intersection. Holmes testified that when he was approximately ten feet from the intersection, Drakey moved eastward on Country Ridge from her stopped position and into the intersection about three feet into his traffic lane on Baxter Road and the collision took place. The right front fender of Holmes' automobile impacted upon the left front fender of Drakey's automobile. Drakey testified that her automobile was not in the intersection when the collision occurred but, rather, at a complete stop prior to entering the intersection. She stated that the collision took place because of Holmes' excessive speed in operating his automobile or because Holmes left his traffic lane and struck her while she was stopped waiting to enter the intersection.

Holmes did not report any injury immediately after the collision. However, during

the evening of January 19, 1979, he left his place of employment and went to the hospital. Holmes was diagnosed as having a congenital defect in his back, spondylolisthesis. In January 1980, spinal fusion surgery was performed on Holmes' back. Dr. Stein, Holmes' treating physician, opined that the collision aggravated Holmes' preexisting condition, spondylolisthesis. Dr. Carter, Drakey's expert witness, stated that the relationship between the fusion operation and the automobile collision was "questionable" in his mind.

Appellants brought suit against respondent and trial commenced on March 19, 1987. The jury returned a verdict assessing respondent Drakey zero percentage of fault and appellant Bradley Holmes zero percentage of fault and finding the amount of appellants' damages to be $0. After the verdict was returned, appellants did not request further deliberation by the jury; appellants asked only for a mistrial, which request was denied. Appellants then motioned for a new trial contending in part that "the evidence was such that at least one of the parties had to be negligent for the accident to occur" and that "the verdict is so confusing that the intent of the jury in rendering its verdict is not determinable." The motion for a new trial was denied and this appeal ensued.

On appeal, appellants maintain that the trial court erred in overruling the motion for a new trial in that, they allege in the point relied on, the verdict is arbitrary and cannot be fairly resolved into a definite finding for either party. Specifically, appellants state in the argument portion of the brief, "The issue is that the jury's verdict is so inconsistent that it cannot be resolved into a definite finding for either party, and therefore, it cannot support the entry of any judgment." However, appellants' claim of error has been waived. For, "a claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged." *Douglass v. Safire*, 712 S.W.2d 373, 374 (Mo. banc 1986). The reason for this rule is that if the above contention is raised as soon as the verdict is returned, any error is capable of correction by the trial judge ordering the jury to return for further deliberation. *Id.* The decision in *Douglass v. Safire* was the law at the time the case before us was tried. *See Roeder v. Aetna Life & Casualty Co.*, 738 S.W.2d 938, 945 (Mo.App., W.D.1987). This court recently held that a challenge to the trial court's failure to grant a new trial on the ground that the verdict was inconsistent was waived, where the party seeking relief did not request that the jury return to deliberate further so as to resolve the inconsistency in the verdict; instead, the party waited to raise the claim of error in post-trial motions and on appeal. *O'Brien v. Mobile Oil Co.*, 749 S.W.2d 457, 458 (Mo.App., E.D.1988).

We observe that appellants argue in the reply brief that the claim of error is not that the verdict was erroneous because it was inconsistent; appellants maintain that the claim of error is that the verdict "was not supported by any substantial evidence that both parties were simultaneously not negligent." This contention, of course, ignores appellants' statement in their brief that "the verdict is so inconsistent that it cannot be resolved into a definite finding for either party...." as well as the entire thrust of the original argument and the principles of law contained in appellants' cited authority.

The order of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.