William WILFERTH, II, Appellant,

v.

Clay Neil PRUETT, Respondent.

No. 18380.

Missouri Court of Appeals,
Southern District,
Division One.

May 27, 1993.

Donald Rhodes, Bloomfield, for appellant.

Matthew D. Richardson, Friedewald, Chadwick & Richardson, Poplar Bluff, for respondent.

CROW, Presiding Judge.

Plaintiff, William Wilferth, II, sued Defendant, Clay Neil Pruett, for personal injuries allegedly sustained by Plaintiff on February 7, 1990, in a collision between a tractor-trailer rig operated by Plaintiff and a pickup operated by Defendant.[1] Trial by jury produced a unanimous verdict reading, in pertinent part:

> On the claim of plaintiff William Wilferth, II, for personal injury, we, the undersigned jurors, assess percentages of fault as follows:
>
> | | |
> |---|---|
> | Defendant Clay Neil Pruett | 50% |
> | Plaintiff William Wilferth, II | 50% |
> | Total | 100% |
>
> . . . .
>
> We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $0.00[.]

The trial court entered judgment for Defendant. Plaintiff appeals. He presents three points relied on, each of which assigns error regarding the verdict. The first reads:

> The trial court erred in entering judgment pursuant to the jury's verdict as a verdict for Plaintiff awarding zero damages is so contradictory, equivocal, inconsistent, uncertain and indefinite as to be a nullity, and therefore, such a verdict

would not support entry of any judgment, thus requiring that this cause be reversed and remanded for a new trial.

■ Defendant maintains Plaintiff waived the above claim of error in that Plaintiff registered no objection to the verdict before the trial court discharged the jury. In that regard, the transcript shows that after the trial court read the verdict aloud, this dialogue occurred:

> THE COURT: ... Mr. Massey,[2] I will ask you is that the verdict of you and your fellow jurors, sir?
>
> MR. MASSEY: Yes, it is.
>
> THE COURT: The Court at this time will ... receive it as the juror's [sic] verdict.... Is there anything, Mr. Rhodes,[3] on behalf of the Plaintiff before I discharge the jury?
>
> MR. RHODES: No, sir.

After receiving an identical response from Defendant's lawyer, the trial court discharged the jury.

Plaintiff filed a timely motion for new trial. The motion averred the verdict was against the weight of the evidence, but did not attack the verdict on the basis articulated in Plaintiff's first point.

In *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986), two claims were submitted to a jury: a claim by a plaintiff against two defendants (Safire and Richey), and a third-party claim by Safire against Richey. The jury returned a verdict for the plaintiff, assessing 85% fault against Safire and 15% fault against Richey. On Safire's third-party claim, the jury returned a verdict for Richey, assessing no damages and no percentages of fault. No party questioned the verdicts before the jury was discharged. Safire appealed, maintaining the verdicts were inconsistent. The Supreme Court of Missouri declared:

> We now hold that a claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged.

---

1. The petition originally contained a claim by Plaintiff's wife against Defendant for loss of consortium; however, that claim was dismissed without prejudice before trial.

2. Jury foreman Tim Massey.

3. Plaintiff's lawyer, Donald Rhodes.

Otherwise the claim of inconsistency will be held to have been waived. The reason is that, if the point is raised as soon as the verdict is returned, any error is capable of correction by ordering the jury to return for further deliberation. Our holding is in accord with the usual rule that the trial court must be given the opportunity to correct error while correction is still possible.

712 S.W.2d at 374[1].

This Court applied *Douglass* in *Hulshof v. Noranda Aluminum, Inc.*, 835 S.W.2d 411 (Mo.App.S.D.1992). There, a jury returned verdicts for a defendant on four counts. The verdicts were accompanied by a handwritten statement. No party said anything before the trial court discharged the jury. On appeal, the plaintiffs argued the verdicts were inconsistent with the statement. Relying on *Douglass*, this Court held in *Hulshof* that the plaintiffs had waived that contention. 835 S.W.2d at 415–16.

Other cases applying *Douglass* in analogous circumstances have reached the same result. *O'Brien v. Mobil Oil Corp.*, 749 S.W.2d 457 (Mo.App.E.D.1988); *Holmes v. Drakey*, 759 S.W.2d 610 (Mo.App.E.D. 1988); *Ivy v. Wal–Mart Stores, Inc.*, 777 S.W.2d 682 (Mo.App.W.D.1989).

Consistent with *Douglass* and its progeny, we hold Plaintiff, by his silence before the jury was discharged, waived the complaint presented in his first point.

 There is a second reason the claim of error in the first point is unpreserved for appellate review. As reported earlier, the issue was not raised in Plaintiff's motion for new trial. Consequently, it is not cognizable on appeal. *Houston by Houston v. Teter*, 705 S.W.2d 64, 66–67[4] (Mo. App.E.D.1985); *Connor v. Temm*, 270 S.W.2d 541, 547[5] (Mo.App.1954).

 Plaintiff's second point alleges the trial court erred by failing to determine, *sua sponte*, whether the verdict was defective, and by failing to afford the jury an opportunity to correct the verdict or render a different one.

 This point fails for the same reasons as the first point. As explained in *Jorgensen v. City of Kansas City*, 725 S.W.2d 98, 104 (Mo.App.W.D.1987), *Douglass* relegates to the litigant, not to the trial court, the obligation to protect his interest in a verdict by timely objection. Furthermore, like Plaintiff's first point, his second was not raised in his motion for new trial.

Plaintiff's third point asserts the trial court erred in entering judgment for Defendant in that the verdict is violative of Missouri's doctrine of "pure" comparative fault.

Plaintiff's reasoning, as we divine it from the argument following the point, is: (a) Instruction 7 told the jurors to assess a percentage of fault to Defendant if they believed, *inter alia*, that he was negligent and his negligence directly caused or directly contributed to cause damage to Plaintiff; (b) the jurors assessed 50% fault to Defendant, thereby demonstrating they believed his negligence caused Plaintiff damage; consequently, (c) the jury's finding that Plaintiff's damages were zero was inconsistent with assessment of half the fault to Defendant.

The third point is nothing more than a repetition of the premise that the verdict was contradictory, inconsistent and self-destructive. Because Plaintiff did not present that contention to the trial court before the jury was discharged and failed to raise it in the motion for new trial, the point is ineligible for appellate review.

Judgment affirmed.

PARRISH, C.J., and MONTGOMERY, J., concur.

SHRUM, J., recused.