**CHAS. GROSSE & SON, INC., Millwork Unlimited, Inc., and Kurt A. Grosse, Plaintiffs,**

**and**

**Robert E. Little, Plaintiff/Respondent,**

**v.**

**CASS BANK & TRUST COMPANY, Defendant/Appellant.**

**No. 67807.**

Missouri Court of Appeals, Eastern District, Division Three.

July 9, 1996.

Thomas Cummings and Andrew B. Mayfield, St. Louis, for Defendant/Appellant.

Gerald Tockman, St. Louis, for Plaintiff/Respondent Robert E. Little.

Rexford H. Caruthers, St. Louis, for Plaintiff/Respondent Kurt Grosse.

Before GERALD M. SMITH, P.J., and GARY M. GAERTNER and RHODES RUSSELL, JJ.

RHODES RUSSELL, Judge.

Cass Bank and Trust Company appeals the judgment entered on a verdict in favor of Robert E. Little on Cass Bank's claim under a promissory note. Cass Bank also appeals the denial of its motion for judgment notwithstanding the verdict or new trial. On appeal, Cass Bank argues the trial court erred in entering judgment on the verdicts because they were inconsistent in that the jury found in favor of one partner, Robert E. Little, and against the other partner, Chas. Grosse & Sons, Inc., on a partnership debt. Cass Bank urges it was entitled to judgment notwithstanding the verdict as to Little since the jury verdict against partner Grosse & Sons established the liability of the partnership. We hold that Cass Bank waived its right to object to the allegedly inconsistent verdicts by failing to object at trial before the jury was discharged. Therefore, we affirm.

Robert Little and Chas. Grosse & Sons, Inc. ("Grosse & Sons"), were equal partners in a partnership called Millwork Unlimited ("Millwork"). On March 9, 1990, Little and Kurt Grosse, president of Grosse & Sons,

jointly executed a $100,000 promissory note ("the Millwork note") on behalf of Millwork to Cass Bank, who had previously loaned to Grosse & Sons several times.

Subsequently, Mr. Grosse, Grosse & Sons, and Millwork Unlimited, Inc. ("MUI"),[1] sued Cass Bank alleging breach of loan commitments to Grosse & Sons and MUI.[2] Little intervened as an individual plaintiff, claiming that he, too, had been damaged by Cass Bank's breach of the alleged loan commitments. Cass Bank asserted counterclaims against MUI for breach of three promissory notes ("the MUI notes"), against Grosse & Sons as guarantor of those notes, against Grosse & Sons for breach of another promissory note ("the Grosse & Sons note"), and against both Grosse & Sons and Little for breach of the Millwork note.

Prior to trial, the trial court dismissed with prejudice Little's and Grosse's claims against Cass Bank. The jury returned a verdict in favor of Cass Bank and against Grosse & Sons and MUI on the remaining loan commitment claims. On Cass Bank's claims, the jury returned a verdict against MUI for $84,957.26 and a verdict against Grosse & Sons for $743,157.12. The jury returned a verdict in favor of Little on Cass Bank's claim under the Millwork note. The trial court entered judgment on the jury verdicts. Cass Bank, in a post-trial motion, moved for judgment notwithstanding the verdict as to Little, or alternatively, for a new trial as to Little. The trial court denied the motion and Cass Bank appeals.

Cass Bank's only argument on appeal is that the trial court erred in entering judgment on the verdicts and in denying Cass Bank's motion for judgment notwithstanding the verdict on its claim against Little because the verdict against Grosse & Sons established that Millwork was liable under the Millwork note. Cass Bank points out that the jury verdict against Grosse & Sons equaled, to the penny, the sum of the amount shown at trial to be owed under the Grosse & Sons note, $548,932.72, the MUI note, $84,957.26, and the Millwork note, $109,267.14. Cass Bank claims the jury could not have returned this verdict without finding that Millwork owed Cass Bank $109,267.14. Cass Bank contends that having clearly found one partner, Grosse & Sons, liable under the Millwork note, the jury could not validly return a verdict in favor of Little, the other Millwork partner. Cass Bank reasons that given the joint and several liability of both partners, Grosse & Sons and Little, for Millwork's debts, the verdicts against one partner, Grosse & Sons, on the promissory note and in favor of Little, the other partner, are inconsistent and cannot stand.

Little maintains that whether the jury concluded Grosse & Sons was liable on the partnership debt is mere speculation. The verdict, Little notes, does not specify what part of the award, if any, was based on liability for the partnership debt. It is unnecessary for us to speculate as to the basis of the jury's verdict because any claim of error was not properly preserved. Cass Bank waived its right to object to the allegedly inconsistent verdicts by failing to object at trial before the jury was discharged. *Douglass v. Safire,* 712 S.W.2d 373, 374 (Mo. banc 1986).

Cass Bank argues that it was not required to object to the inconsistent verdicts before the jury was discharged because there was no need for the jury to return to deliberations to correct the error as Cass Bank was entitled to judgment notwithstanding the verdict under the rule in *McGinnis v. Chicago, R.I. & P. Ry. Co.,* 200 Mo. 347, 98 S.W. 590 (1906). The court in *McGinnis* held that in cases where the right to recover is dependent solely upon the doctrine of respondeat superior, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, there should be no judgment against the master. *Id.* 98 S.W. at 594. In

---

1. Millwork Unlimited, Inc., separate and distinct from Millwork Unlimited Partnership, is a wholly-owned subsidiary of Chas. Grosse & Sons, Inc.

2. MUI and Grosse & Sons alleged that Cass Bank had orally committed to loans which Cass Bank subsequently refused to make. In reliance on the oral commitment, MUI and Grosse & Sons purchased equipment and began construction of a new building. As a result, MUI and Grosse & Sons claimed they suffered operating losses, forced liquidation of assets, and forced termination of business operations.

*McGinnis*, the plaintiff sued a fellow employee for negligently causing a railcar to roll over his feet. The plaintiff also sued his employer under a respondeat superior theory. The jury found in favor of the defendant employee, but against the defendant employer. The Missouri Supreme Court called the verdicts "a travesty upon the law." *Id.* at 592. Reasoning that the defendant railway company could only be guilty of negligence through the negligence of its employee, the court declared that the judgment against the employer could not stand because the employee had been found not negligent. *Id.* at 594.

Cass Bank urges that the rule in *McGinnis* be extended to partnerships. Relying on *Stith v. J.J. Newberry Co.*, 336 Mo. 467, 79 S.W.2d 447, 459 (1934), Cass Bank argues that the holding therein finds the *McGinnis* rule applicable "in all cases where the relationship of one defendant to the other determines his liability for the negligence of such other." Cass Bank, without citing any authority, asserts that for liability purposes, the relationship between two partners is functionally identical to the relationship between an employee and his employer. The *Stith* opinion, however, was making an interpretation of *McGinnis* prior to the *Douglass* decision that a claim of inconsistent verdicts must be made before the jury is discharged. The *Stith* court, therefore, did not face the possibility that the aggrieved party waived his claim.

Should the *McGinnis* rule apply to partnerships, it would not necessarily require entry of judgment notwithstanding the verdict in favor of Cass Bank as Cass Bank urges. The rule has not been applied to create liability. In respondeat superior cases applying the *McGinnis* rule that verdicts that exonerate the employee but hold against the employer cannot stand, the error is normally rectified by an entry of judgment notwithstanding the verdict for the employer. In such a case, the jury has clearly expressed its finding that the employee is not negligent. The situation at hand is distinguishable. Here, a jury returned a verdict in favor of one and against the other of equal partners. While Cass Bank argues that the jury verdict against Grosse & Sons clearly established the liability of Millwork for the promissory note, the intent of the jury as to the partnership's liability is not evident from the face of the verdicts. Had Cass Bank objected at trial prior to the discharge of the jury and the jury returned to deliberations, rather than reversing the verdict in favor of Little, the jury may have reversed the verdict against Grosse & Sons.

In *Burnett v. Griffith*, 739 S.W.2d 712 (Mo. banc 1987), the Missouri Supreme Court resolved several questions about the application of *McGinnis* in the wake of *Douglass*. The court stated in *Burnett* that "the *McGinnis* doctrine does not apply to claims which base liability on a theory other than respondeat superior." *Id.* at 713. The court further declared that the *Douglass* rule applies in those cases where the intent of the jury cannot be ascertained from the face of the verdict. *Id.* at 715. In the case at hand, therefore, *McGinnis* can not apply to require a judgment notwithstanding the verdict and a new trial would be required to cure any inconsistent verdicts. In such a case, the rule that a claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged applies. *Bank of Kirksville v. Small*, 742 S.W.2d 127, 128–29 (Mo. banc 1987). The claim of inconsistency must be held to have been waived. *Douglass*, 712 S.W.2d at 374. We hold that Cass Bank waived its right to object to the allegedly inconsistent verdicts by failing to object at trial before the jury was discharged. Point denied.

Judgment is affirmed.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.