James P. BANKS, Appellant,

v.

CENTRAL TRUST AND INVESTMENT CO., et al., Respondents.

No. ED 96953.

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 2012.

Richard J. Magee, St. Louis, MO, for appellant.

Robert J. Selsor, Katie R. Jones, St. Louis, MO, for respondents.

KENNETH M. ROMINES, J.

This case involves the doctrine of judicial estoppel and the validity of an amendment to a revocable living trust.

### Background and Procedural History

June C. Banks (Settlor) executed a revocable living trust on 15 April 1992. In 2009, John Banks and Susan Gaertner (Respondents and children of Settlor) filed suit to remove James P. Banks (Appellant and child of Settlor) from the trusteeship of the trust. That action was resolved by a Consent Judgment signed by all parties. The Consent Judgment removed Appellant and Settlor from the trusteeship and appointed Central Trust and Investment Co. as the new trustee. In the Consent Judgment, Appellant warranted that there were no amendments to the trust.

On 14 October 2010, Appellant filed the present action seeking to have the court determine the validity of a purported amendment to the trust he allegedly "found" after he had signed the Consent Judgment. The trial court granted Respondents' motion for judgment on the pleadings, finding that Appellant was barred from maintaining this suit by operation of the doctrine of judicial estoppel.

### Standard of Review

■ This Court reviews a judgment on the pleadings to determine if the pleadings alone entitle one party to judgment as a matter of law. *Armstrong v. Cape Girardeau Physician Associates*, 49 S.W.3d 821, 824 (Mo.App. E.D.2001). "When reviewing a judgment on the pleadings for a defendant, we accept as true all facts alleged in the plaintiff's petition." *Id.* As with summary judgment, if there are genuine issues of material fact or if the facts as admitted are insufficient as a matter or law, judgment on the pleadings in inappropriate. *Kraus v. Hy–Vee, Inc.*, 147 S.W.3d 907, 920 (Mo.App. W.D.2004).

### Discussion

■ In his sole point on appeal, Appellant claims the trial court erred in granting Respondent's motion for judgment on the pleadings based on the theory of judicial estoppel because there were genuine issues as to the material facts necessary to make such a judgment.

Judicial estoppel applies to prevent litigants from taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at that time. While judicial estoppel cannot be reduced to a precise formula, the United States Supreme Court has indicated that whether judicial estoppel applies requires the consideration of three factors: First, a party's

later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position.... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Vinson v. Vinson*, 243 S.W.3d 418, 422 (Mo.App. E.D.2007) (internal citations omitted). However, "the doctrine [of judicial estoppel] does not apply when a party's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead and manipulate the court." *Loth v. Union Pacific R. Co.*, 354 S.W.3d 635, 638 (Mo.App. E.D.2011). A mistake includes situations in which "some material fact, which really exists, is unknown." *Getz v. Shelter General Ins. Co.*, 679 S.W.2d 439, 441 (Mo.App. W.D.1984) (internal citations omitted).

Such may have been the case here. In his petition, Appellant alleged that he was not aware of the existence of the 2007 amendment when he signed the Consent Judgment, and only discovered it later. Taken as true, Appellant's position in the 2009 Consent Judgment was based on a mistake, and therefore it was inappropriate for the trial court to enter judgment based on judicial estoppel.

■■ Nevertheless, our review of this case does end there. This Court will affirm the correct result of a trial court even if the trial court's reasoning in reaching that decision was flawed. *Trimble v. Pracna*, 167 S.W.3d 706, 716 (Mo. banc 2005). In this case, although the basis for the trial court's decision was wrong, its result was correct. Respondents were entitled to judgment as a matter of law re-

garding the validity of the amendment because it was not delivered in the manner required by the trust.

In regards to revocation or amendment, the Trust provided:

NINTH: The settlor may at any time or times amend or revoke this agreement in whole or in part by instrument in writing (other than a will) delivered to the successor trustees or trustee. The trust property to which any revocation relates shall be conveyed to the settler or otherwise as she direct. This power is personal to the settlor and may not be exercised by her legal representative, attorney in fact or others.

There is nothing in the pleadings indicating that Settlor made any attempt to deliver this "amendment." According to the Appellant's petition, he merely "found" the "amendment." Appellant does not even allege that Settlor gave him the amendment to deliver to the trustee. Such absence of delivery is fatal to Appellant's claim.

■ If the terms of the trust provide a method for amendment, the Settlor may amend the trust only by substantially complying with the method provided in the terms of the trust. Section 456.6–602.3.[1] The terms of this trust provided one method for amendment—delivery of a written instrument to the trustee.

Where instructions in a trust instrument are clear and unambiguous, the intent of the grantor at the time of the creation of the trust governs and subsequent modifications to the trust are effective only in the manner expressed in the trust instrument under a reserved power to amend. If the settlor reserves a power to modify the trust only in a particular manner or under particular circumstances, he can modify the trust only in

1. All statutory references are to RSMo (2008) unless otherwise indicated.

that manner or under those circumstances.

*In re Estate of Mueller,* 933 S.W.2d 903, 907 (Mo.App. E.D.1996) (internal citations omitted). Absolutely nothing in the pleadings supports the conclusion that Settlor substantially complied with the delivery requirements of the trust. As there was no amendment to the trust, the trial court's judgment was correct and it is affirmed.

LAWRENCE E. MOONEY, P.J. and ROY L. RICHTER, J., concur.

