Charles L. **BROCK** as Personal Representative of Bessie A. Brock, Deceased, Appellant,

v.

Lawrence **McCLURE, et al., Respondents.**

No. WD 75659.

Missouri Court of Appeals, Western District.

July 30, 2013.

Gerald P. Greiman, St. Louis, MO and Keith A. Wenzel, Jefferson City, MO, for appellant.

Kenneth S. Clay, for respondent.

Before Division Four: JAMES E. WELSH, C.J., ALOK AHUJA, J. and JACK R. GRATE, Sp. J.

ALOK AHUJA, Judge.

Charles Brock, as personal representative of the Estate of Bessie A. Brock, appeals a judgment entered in favor of Jean McClure in an action involving alleged fraud and misappropriation of trust assets. We reverse.

## Factual Background

Lawrence McClure was the Trustee of the Les Galey Trust, a testamentary trust established under the Last Will and Testament of Les Galey dated February 15, 1989. Mr. Galey died on August 8, 1991. At the time of the final settlement of his estate, the Trust held assets with a total value of $218,738.98. Under the terms of the Trust, its assets were to be used for the benefit of Mr. Galey's widow, Mary Galey, during her lifetime. Upon Ms. Galey's death, specific bequests aggregating $40,000 were to be distributed to four named beneficiaries, and the remainder of the Trust assets were to be distributed to sisters Bessie A. Brock and Jean McClure in equal shares.

Mary Galey died on August 24, 2004.

On February 1, 2008, Ms. Brock and her three children brought this action in the Circuit Court of Boone County. The Petition contained five counts. Four of the

claims, alleging mishandling of the Trust's assets, were asserted against both Lawrence McClure and his mother, Jean McClure. Those counts sought damages for fraud, constructive fraud, and appropriation of trust assets in violation of the terms of the Trust, as well as an accounting or imposition of a constructive trust, and discharge of the Trust's trustee. Count II was a fraud claim asserted solely against Ms. McClure, based on misrepresentations she allegedly made to Ms. Brock, which led Ms. Brock to erroneously declare certain Trust income on her personal tax returns.

Although Lawrence McClure was the Trust's named trustee, the Petition alleged that, "[s]ince August 24, 2004 Jean R. McClure has represented to the Plaintiff that she was acting Trustee for Lawrence McClure and had assumed his duties." The petition contended that, as a result of Ms. McClure's representations that she was authorized to act as trustee on Lawrence McClure's behalf, "a fiduciary relationship was created at law between Jean R. McClure and the Plaintiffs." The Petition also alleged that Ms. McClure and her son were "acting both individually and in concert" to take Trust funds.

Ms. Brock died during the pendency of the proceedings below. Her son Charles Brock was substituted as plaintiff for her, in his capacity as Personal Representative of Ms. Brock's estate. Ms. Brock's children, including Charles Brock individually, were dismissed as plaintiffs.

Both Lawrence and Jean McClure answered the petition. However, Lawrence McClure's Answer was ultimately stricken for failure to provide a complete accounting of the Trust's assets despite being ordered to do so by the court. After striking Lawrence McClure's Answer, the circuit court held a hearing as to Mr. Brock's claims against him on September 28, 2009. At the conclusion of the hearing, the circuit court found in favor of Mr. Brock, and requested that he submit proposed findings of fact and conclusions of law. On April 19, 2010, the circuit court adopted Mr. Brock's proposed Findings of Fact and Conclusions of Law, and entered judgment against Lawrence McClure for $458,632.50 in damages, $15,395.00 in attorney's fees, and $4,000.00 in costs. The claims against Ms. McClure remained pending.

On August 10, 2012, over two years after the entry of judgment against Lawrence McClure, Ms. McClure filed a motion for judgment as a matter of law. Her motion argued that the claims asserted against her were inconsistent with the Findings of Fact Mr. Brock had proposed, and the court had entered, against Lawrence McClure in 2010. Specifically, Ms. McClure claimed that Finding of Fact number 5 and number 11(b) precluded any finding of liability against her. Finding 5 stated: "Lawrence McClure was the named Trustee and remained the only Trustee for the Les Galey Trust from September 9, 1992 until present." Finding 11(b) stated: "Lawrence McClure did not ever make any distributions for the benefit of either Mary Galey or any of the named beneficiaries of the Trust." Based on these facts, Ms. McClure asserted:

Jean was never a Trustee and only a Trustee can manipulate a trust. She could not have converted any funds and could not have damaged plaintiff. Lawrence McClure was the only Trustee and he made no distributions for Jean McClure, or any other named beneficiary. Jean did not get any of the money. Plaintiffs should be estopped from claiming that Jean McClure acted as Trustee or converted any Trust funds for her own use. . . .

The court held a hearing on Ms. McClure's motion on August 20, 2012. The court's docket entry following the hearing states that "Defendant's motion for judgment argued and by court granted." The court accordingly entered a final judgment in Mr. Brock's favor against Lawrence McClure, but in favor of Ms. McClure as to all claims against her. Mr. Brock appeals.

## Standard of Review

While the parties disagree as to how Ms. McClure's motion and the trial court's ruling should be characterized as a procedural matter, they agree that the issues presented in this appeal are solely issues of law which this Court reviews *de novo. Hansen v. Ritter,* 375 S.W.3d 201, 205 (Mo.App. W.D.2012).

## Discussion

■ Ms. McClure argued to the trial court that Mr. Brock should be estopped from continuing his action against her because Findings of Fact 5 and 11(b) would be inconsistent with any finding of liability against her. Although Ms. McClure's motion for judgment cited no legal authority, it appears that her motion was based either on the doctrine of judicial estoppel, or on the contention that Mr. Brock had made judicial admissions of facts inconsistent with his claims against her.

■ Under Missouri law, "[j]udicial estoppel applies to prevent litigants from taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and, later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at the time." *Banks v. Central Trust and Inv. Co.,* 388 S.W.3d 173, 175 (Mo.App. E.D.2012).[1] Generally, to apply judicial estoppel, three factors must be met:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position.... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 175–76.

■ In a similar vein, "[a] statement by counsel made during trial is a binding judicial admission if, and only if, the statement constitutes a clear, unequivocal admission of fact." *Norfolk S. Ry. Co. v. Crown Power & Equip., L.L.C.,* 385 S.W.3d 445, 453 (Mo.App. W.D.2012) (citations omitted).[2] Thus, as with judicial estoppel, to constitute a claim-dispositive judicial admission, a statement must unambiguously foreclose relief on the challenged claim.

Therefore, whether Ms. McClure intended to invoke the doctrines of judicial estoppel, judicial admission, or both, we must decide whether the findings of fact proposed by Mr. Brock, and adopted by the circuit court, with respect to Mr. Brock's claims against Lawrence McClure were clearly and unambiguously inconsistent with Mr. Brock's continued assertion of claims against Ms. McClure.

---

1. In his second Point Relied On, Mr. Brock argues that it would be inappropriate to apply judicial estoppel in this case, because the allegedly inconsistent positions he took all occurred in a single proceeding. Given our disposition, we need not address this issue.

2. Overruled on other grounds, *Badahman v. Catering St. Louis,* 395 S.W.3d 29, 40 (Mo. banc 2013)

Initially, we note that neither of the findings on which Ms. McClure relies could justify granting judgment in her favor on Count II of the petition. Count II asserted a fraud claim against Ms. McClure, alone, based on misrepresentations she allegedly made to Ms. Brock concerning the tax treatment of certain Trust income. That claim did not depend either on a finding that she was the Trust's trustee, or on a finding that she received distributions from the Trust. The grant of judgment on Count II must accordingly be reversed.

■ Judgment must also be reversed on the remaining counts, because there is no necessary inconsistency between the findings of fact Mr. Brock proposed on his claims against Lawrence McClure, and his remaining claims against Ms. McClure. Finding of Fact 5 determined that "Lawrence McClure was the named Trustee and remained the only Trustee for the Les Galey Trust from September 9, 1992 until present." Although this Finding determined that Lawrence McClure was the Trust's sole named, *de jure* trustee, that does not necessarily defeat Mr. Brock's claim that Ms. McClure represented that she was authorized to act on Lawrence McClure's behalf, and thereby assumed fiduciary duties toward Bessie Brock.

■ Moreover, the petition also alleged that Ms. McClure acted "in concert" with her son to misappropriate Trust funds. A claim for civil conspiracy requires: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages." *Mackey v. Mackey,* 914 S.W.2d 48, 50 (Mo.App. W.D.1996); *State Farm Mut. Auto. Ins. Co. v. Weber,* 767 S.W.2d 336, 338 (Mo.App. E.D.1989). Every member of the conspiracy need not have actually committed the unlawful act supporting liability. *Oak Bluff Partners,*

*Inc. v. Meyer,* 3 S.W.3d 777, 780–81 (Mo. banc 1999) (liability requires some unlawful act, in furtherance of the conspiracy, to the plaintiff's damage by one or more of the defendant conspirators). Instead, "each tortfeasor is jointly and severally liable and each defendant is made responsible for the acts of the other done in pursuance of the common design." *Envirotech, Inc. v. Thomas,* 259 S.W.3d 577, 586 (Mo.App. E.D.2008) (internal quotation marks omitted); *see also Gettings v. Farr,* 41 S.W.3d 539 (Mo.App. E.D.2001).

Because a co-conspirator need not personally perform the unlawful acts which further the conspiracy's objectives, the fact that Ms. McClure was not a named trustee of the Trust, and that only Lawrence McClure may have been authorized to take various actions, does not necessary defeat Mr. Brock's claim that Ms. McClure conspired with Lawrence McClure to misappropriate Trust funds. So long as there was a "meeting of the minds" between Lawrence and Jean McClure to engage in such misappropriation, Ms. McClure need not have removed the funds herself; she may be held jointly and severally liable for the tortious acts of her son, if she participated with him in the scheme. Finding of Fact 5, finding that Lawrence McClure was the Trust's sole named trustee, was not inconsistent with Ms. McClure's liability under a theory of civil conspiracy.

■ Ms. McClure also claims that Finding of Fact 11(b), that "Lawrence McClure did not ever make any distributions for the benefit of either Mary Galey or any of the named beneficiaries of the Trust," prevents a finding of liability against her. Viewed in context, Finding 11(b) cannot fairly be read to clearly and unambiguously foreclose a claim that Ms. McClure participated in, and benefited from, the misappropriation of Trust funds. It is significant that Finding 11(b) was

proposed, and entered, solely against Lawrence McClure, at a time when Mr. Brock's claims against Ms. McClure remained pending. *Cf. L.N.H. v. Wells*, 705 S.W.2d 488, 493 (Mo.App. W.D.1985) (no judicial admission where counsel represented multiple defendants, and counsel's statements seeking to exonerate one defendant "were at best ambiguous" as to whether they implicated co-defendant in injury-causing conduct). Finding 11(b) appears in a larger paragraph which recites the opinions of Mr. Brock's forensic accounting expert. Finding 11(b) is obviously intended to be part of the expert's calculation of the distribution of Trust assets due and owing *to Bessie Brock.* To determine Ms. Brock's rightful share of the Trust assets, the Findings recite the original value of the Trust assets Lawrence McClure controlled as trustee, a prudent rate of return on those assets, and the amount of the authorized distributions of Trust assets with a senior priority to Ms. Brock's remainder interest (*i.e.,* payments to or for the benefit of Mary Galey during her lifetime, and the amounts owed to the persons or entities designated to receive specific bequests). Whether or not Ms. McClure had received distributions of Trust assets was irrelevant to this calculation of the monies owing *to Ms. Brock,* since Ms. McClure was only entitled to receive one-half of the same pool of money to which Ms. Brock was entitled. Because their rights to Trust assets were of equal priority, any distributions to Ms. McClure could not diminish the monies owing to Ms. Brock. Moreover, the Findings plainly use the term "distributions" to refer to payments of Trust assets authorized by, and in accordance with, the terms of the Trust. The fact that Lawrence McClure made no lawful, authorized distributions to any of the Trust's beneficiaries does not necessarily foreclose the possibility that Ms. McClure improperly received Trust assets, either directly or indirectly through Lawrence McClure or others.[3]

■ Ms. McClure also argues that we can affirm the trial court's judgment because, when the court asked Mr. Brock's counsel to identify the evidence that Ms. McClure acted in concert with her son, or benefitted from the misappropriation of Trust assets, Mr. Brock's counsel provided only vague responses. Ms. McClure's alternative argument cannot justify affirmance. Even if we assume (despite multiple procedural problems) that Ms. McClure's motion was a motion for summary judgment under Rule 74.04, that motion only sought judgment on a single ground: that Mr. Brock was estopped from asserting any claim against her, because of the findings Mr. Brock persuaded the trial court to adopt in its judgment against Lawrence McClure. Given that Ms. McClure only sought the entry of judgment in her favor based on the allegedly preclusive effect of the Findings of

3. Mr. Brock also argues that it was unnecessary for him to establish that Ms. McClure personally received misappropriated Trust assets. He cites *Wolfersberger v. Miller*, 327 Mo. 1150, 39 S.W.2d 758 (1931), which states that "it is not necessary, we think, that any particular conspirator should have profited thereby, but that damage resulted to the plaintiff." *Id.* at 764. This statement from *Wolfersberger* is arguably in tension with more recent cases, which hold that, "by its nature, a conspiracy has as its object or purpose the obtaining of a benefit for the conspirator." *Mika v. Cent. Bank of Kansas City*, 112 S.W.3d 82, 93 (Mo. App. W.D.2003) (quoting *Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 815 (Mo.App. W.D.1996) (in turn quoting *Chmieleski v. City Prods. Corp.*, 660 S.W.2d 275, 290 (Mo.App. W.D.1983))). Given that Finding 11(b) does not foreclose a finding that Ms. McClure actually benefited from her concerted actions with her son, we need not resolve any tension among these cases.

Fact against Lawrence McClure, Mr. Brock was not required to marshal his evidence that Ms. McClure engaged in misconduct, or ultimately benefited from the misappropriation of Trust assets. "Rule 74.04 requires the movant to set forth a specific basis for summary judgment and list specific references to the record to support the basis for summary judgment so the opposing party, the circuit court, and the appellate court are apprised of the movant's claim of entitlement to summary judgment." *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo.App. W.D.2009). The non-moving party is required to respond only to the arguments made by the moving party; the non-movant is not required to marshal the evidence supporting its entire case. *Howard v. Youngman*, 81 S.W.3d 101, 116 (Mo.App. E.D.2002) ("Howard was not required to provide evidence in his summary judgment response to support an element Coldwell Banker and Waelter did not challenge"). Given that Ms. McClure's motion argued that Mr. Brock was precluded from asserting a claim against her—whatever the underlying facts might be—Mr. Brock was not required to present evidence to the trial court establishing those underlying facts. If Ms. McClure contends that Mr. Brock has no evidence of any improper concerted action between her and her son, or that she benefitted in any way from such actions, she may file a properly-supported summary judgment motion making those claims. Mr. Brock will then be required to file an appropriate response.

## Conclusion

The circuit court was asked to decide only whether the Findings of Fact entered against Lawrence McClure precluded a finding of liability against Ms. McClure as a matter of law. They do not; the circuit court accordingly erred in entering judgment in favor of Ms. McClure. We re-verse that judgment, and remand the case to the circuit court for further proceedings consistent with this opinion.

All concur.

**In re J.M.J.**