**GERMANIA BANK,**
**Plaintiff–Respondent,**

v.

**Jon C. THOMAS, Defendant–Appellant.**

**No. 58968.**

Missouri Court of Appeals,
Eastern District,
Divison One.

May 28, 1991.

Steven M. Hamburg, Theresa Counts Burke, St. Louis, for defendant-appellant.

Marvin L. Klamen, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from the granting of a summary judgment in favor of respondent, Germania Bank (hereinafter Germania), against appellant, Jon C. Thomas (hereinafter Thomas), in the sum of $300,000 plus interest at 10% in the amount of $25,972 and attorney's fees in the sum of $5,000.

On February 1, 1990, Germania filed a petition against Thomas and R. Hal Dean (hereinafter Dean) seeking money owed pursuant to a demand reimbursement promissory note executed on November 30, 1988. Germania also sought recovery of interest at the rate of 7% plus prime, and attorney's fees and costs.

The demand reimbursement promissory note provided that the signatories promised to pay to Germania the sum of $300,000 or such lesser amount as was drawn under an irrevocable letter of credit (numbered 107).[1]

---

1. The signatories to the note include: (1) Thomas; (2) Dean; (3) Carol B. Brehm; (4) Pinellas Place, Inc., d/b/a Pinellas Place Shopping Center, Inc., a Missouri corporation. Pursuant to language included in the note therein all the signatories including Pinellas Place, Ltd. a Missouri limited partnership, were to be jointly and severally liable to Germania.

The irrevocable letter of credit (# 107), executed on the same day as the promissory note, authorized Germania to draw upon itself an amount up to $300,000 for the account of the signatories of the promissory note. It also allowed Germania to pay such draws to itself as agent for itself and for the other lenders participating in the underlying real estate loan.[2] The language included in the letter of credit stated that it was to be "effective immediately and expiring on May 1, 1989, (or such earlier date as specified herein)."

On May 3, 1990, Dean filed his answer to Germania's petition. Thomas's answer was file stamped May 29, 1990. On May 25, 1990, Germania filed a motion for summary judgment and an affidavit of Rita Davis (hereinafter Davis), commercial loan servicing manager of Germania, in support of its motion for summary judgment. Davis' affidavit attested to the fact that the funding for the promissory note occurred on September 6, 1989 in the full principal amount of $300,000. The affidavit also included amounts allegedly owed for interest and attorney's fees under the provisions stated in the note.

On July 18, 1990, Thomas filed the affidavit of Bernard W. Gerdelman (hereinafter Gerdelman), in opposition to Germania's motion for summary judgment. His affidavit stated that Gerdelman, an attorney, had provided legal services to Pinellas Place, Inc., d/b/a Pinellas Place Shopping Center, Inc., a Missouri corporation, (hereinafter Pinellas Incorporated), in connection with the second modification and extension of the terms of the underlying loan made by Germania to Pinellas Incorporated to finance Pinellas Incorporated's purchase of certain real estate property located in Pinellas County, Florida. Gerdelman also attested to the fact that in connection with the aforesaid transaction: (1) that he received a copy of an "Application for Letter of Credit;" (2) that a true and correct copy had been annexed to his affidavit; and (3) that this document had been submitted to Germania in connection with the aforesaid

modification and extension of the loan to Pinellas Incorporated. His affidavit further attested to the fact that while he did not receive all of the copies of the fully executed documents signed by the various persons in connection with the modification and extension of the loan, that to the best of his knowledge, information and belief, the copies of the "Application for Standby Letter of Credit" and the "Letter of Credit (numbered 107)" attached therein were substantially on the same form as those referred to in the aforementioned demand reimbursement promissory note. The letter of credit on its face revealed that it had expired on May 1, 1989, four months prior to the draw by Germania on the letter of credit and funding of the note.

On July 18, 1990, Germania's motion for summary judgment was called and heard. That day Thomas filed an amended answer setting forth various affirmative defenses. Thomas further filed a motion for continuance of the hearing and a request for production of documents directed to Germania. That same day, Germania filed the affidavit of Stephen J. Schwartz (hereinafter Schwartz) in support of its motion for summary judgment. This affidavit sought to introduce into evidence a settlement stipulation filed in connection with the case of Germania v. Pinellas Incorporated, Pinellas Place, Ltd. a Missouri limited partnership (hereinafter Pinellas Limited), and Thomas in a cause of action pending before the Circuit Court for the 6th Judicial Circuit in Pinellas County, Florida, Case No. 89–7039–8. Pursuant to Paragraph 17 of the settlement stipulation, the letter of credit (107) was amended to extend the expiration date to October 15, 1989.

After the hearing on the motion for summary judgment, the trial court granted judgment in favor of Germania and against Thomas in the amount of $300,000, interest at 10% per annum totaling $25,972.04 and attorney's fees in the sum of $5,000. On August 31, 1990, Germania's cause of action against Dean and Dean's counterclaim

2. The letter of credit was being issued in connection with the restructuring of a real estate loan made by Germania to Pinellas Incorporat-

ed and Pinellas Limited in the original principal amount of $5,235,000.

were severed by the trial court from the claim against Thomas. On September 7, 1990, Thomas filed his notice of appeal.

On appeal Thomas contends that the trial court erred in granting summary judgment in favor of Germania and against Thomas because disputed issues of material fact were presented to the trial court at the time of the oral argument on the motion for summary judgment. Thomas argues that evidence properly before the trial court raised an issue as to whether the draw pursuant to the letter of credit was made subsequent to the letter of credit expiring, thereby precluding Thomas's liability under the demand reimbursement promissory note. Thomas further contends that the affidavit of Schwartz was not properly before the trial court and should not have been considered by the court in its ruling.

 In reviewing a summary judgment, the appellate court must scrutinize the record in the light most favorable to the party against whom the judgment was entered and accord that party the benefit of every doubt. *Brandt v. Missouri Pac. R.R. Co.,* 787 S.W.2d 781, 783 (Mo.App. 1986). *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 26–27 (Mo.App.1978). Under Rule 74.04(c), summary judgment may be granted only when there is no genuine issue as to any material fact, and the burden of proof is on the moving party. *Dunbar v. Allstate Ins. Co.,* 584 S.W.2d 123, 124 (1979). Summary judgment is only appropriate when the documents before the trial court, including pleadings, depositions, admissions, and exhibits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Signature Pool Inc., v. City of Manchester,* 743 S.W.2d 538, 540 (Mo.App.1987). If there is the slightest doubt about the facts, a material issue of fact exists. *Triggs v. Risinger,* 772 S.W.2d 381 (Mo.App.1989). A fact is material if it is "of such legal probative force as would control or determine the litigation." *Ware v. St. Louis Car Company,* 384 S.W.2d 287, 290[2] (Mo.App.1964).

In this case, the trial court had before it Germania's affidavit of Davis, filed on May 25, 1990. The trial court also had before it the affidavits of Gerdelman filed on behalf of Thomas and that of Schwartz filed on behalf of Germania. As previously mentioned, Gerdelman's affidavit is dated July 16, 1990; the hearing was held July 18, 1990. This court acknowledges that the brief submitted by Thomas (page 2) states that Gerdelman's affidavit was filed "on or about July 5, 1990." However, that is impossible as the fact that the affidavit was not signed by Gerdelman until July 16, 1990. In regard to when the Schwartz affidavit was filed, reference is made to its filing on the court order signed July 18, 1990, that it was filed on that same day. No reference is made on the court order as to the filing of the Gerdelman affidavit. Nonetheless, it appears from the trial court docket sheet, included in the record on appeal, that both the Gerdelman and the Schwartz affidavits were filed on July 18, 1990, the same day as the hearing. The only support in the record for this condition is the judge's docket entry (apparently made by a clerk) which refers to "(2) affidavits" filed on July 18, 1990.

 Rule 74.04(c) states that a party opposing a motion for summary judgment may file opposing affidavits "[p]rior to the day of the hearing." Thus, the record indicates that the Gerdelman affidavit was improperly filed. However, Germania has not raised this issue on appeal. Only the errors assigned and preserved by appellants are for appellate review. Stewart v. Stewart, 277 S.W.2d 322 (Mo.App.1955); *See* Rule 84.13(a). Thus, the court is limited to the contention on appeal as to whether the Schwartz affidavit was properly before the trial court.

 Under Rule 74.04(c), a motion for summary judgment must be served at least 10 days before the time fixed for hearing. The adverse party must be allowed time to file affidavits opposed to the motion. Rule 74.04(c). These rules are designed to grant the adverse party the time and opportunity to marshal and then present evidence at the hearing. *Advance Concrete & As-*

*phalt Co. v. Ingels*, 556 S.W.2d 955, 957 (Mo.App.1977). *Lawson v. St. Louis–San Francisco Ry. Co.*, 629 S.W.2d 648, 649 (Mo.App.1982). Moreover, compliance with these rules is essential to insure proper process, for even when a motion for summary judgment is properly processed, it is considered to be an "extreme and drastic remedy" which "borders on the denial of due process." *Miller v. United Security Ins. Co.*, 496 S.W.2d 871, 875 (Mo.App. 1973); *see, e.g., Kroger Company v. Roy Crosby Company*, 393 S.W.2d 843, 844 (Mo.App.1965). Unless the record demonstrates the documents purportedly relied upon were properly and timely made a part of the record, this court cannot say they were considered by the trial court and they may not be considered on appeal, *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 116 (Mo.App.1986). See also, *Landmark North County Bank & Trust Co., v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (Mo.App.1987); *Stix & Co., Inc. v. First Missouri Bank & Trust Co. of Creve Coeur*, 564 S.W.2d 67, 69 (Mo.App.1978). Here Germania's affidavit of Schwartz was filed on the same day the motion was granted. Obviously, Thomas was not given the time or opportunity to file affidavits or marshal other evidence opposing the motion. Considering Schwartz's affidavit under these circumstances effectively denied Thomas' right to procedural due process. *Lawson v. San Francisco Ry. Co.*, 629 S.W.2d 648 at 650.

In this case, the trial court had before it Germania's affidavit of Davis establishing the fact that the funding of the note pursuant to the letter of credit occurred on September 6, 1989. The trial court also had before it the affidavit of Gerdelman evidencing the fact that the letter of credit had expired as of May 1, 1989, before the funding occurred. In addition, the trial court improperly accepted Germania's affidavit of Schwartz attesting to the fact that pursuant to a settlement agreement the letter of credit had been extended until October 15, 1989.

■ Without the Schwartz affidavit properly before the trial court a genuine issue of material fact exists as to whether or not the draw by Germania pursuant to the letter of credit #107 was prior to or after the expiration of that letter of credit. The question as to whether the letter of credit expired on May 1, 1989 or whether it expired on October 15, 1989 as indicated by the Schwartz's affidavit cannot be adjudged. The only affidavits properly before the trial court were those of Gerdelman and Davis. From the affidavit of Gerdelman that letter of credit numbered #107 expired, by its express terms, on May 1, 1989. The affidavit of Davis establishes that the draw against the letter of credit was not made until September 6, 1989, some four months after the letter of credit expired.

Summary judgment is an appropriate remedy only where (a) there are no genuine disputes as to any material fact and (b) it appears from the pleadings, affidavits and other evidentiary materials of record that movant is entitled to judgment as a matter of law. Rule 74.04(c). Here, under the record before the court there is a genuine issue of material fact in dispute.

■ A letter of credit is "an engagement by a bank or other person made at the request of a customer ... that the issuer will honor drafts or other demands for payment upon compliance with conditions specified in the credit." § 400.5–103(1)(a), RSMo 1978. *Easton Tire Company, Inc. v. Farmers & Merchants Bank*, 642 S.W.2d 396 (Mo.App. 1982). Ordinarily a letter of credit implicates three separate contracts. The first is between the issuer and its customer to issue the letter. The second is between the issuer and the party receiving the letter of credit—the beneficiary. The third is between the customer and the beneficiary usually involving the sale of goods. *Easton Tire v. Farmers Merchants Bank*, 642 S.W.2d 396 at 398; *East Girard Sav. Ass'n. v. Citizens Nat. Bank, etc.*, 593 F.2d 598 (5th Cir.1979). The letter of credit itself is in the nature of a contract between the issuer and the beneficiary and is independent of the underlying contract between the customer and the beneficiary.

§ 400.5–114 comment 1, RSMo 1978; *Easton Tire v. Farmers Merchants Bank,* 642 S.W.2d 396 at 398. Traditionally the letter of credit provides for direct payment by the issuer to the beneficiary upon tender of a draft and documents of title evidencing delivery of goods to the buyer. No default in payment by the buyer is required to trigger the obligation of the issuer to honor the letter. In this traditional sense the letter of credit serves as a method of payment of executory contracts for the sale of goods and insures the seller that upon delivery he may effectuate payment directly from the bank issuing the letter. *Id.* at 398. For a thorough discussion of letters of credit see White and Summers, Uniform Commercial Code § 19 (3rd Ed.1988).

However, over the last twenty years an innovation in the letter of credit has developed, generally referred to as the "guaranty" or "stand-by" letter of credit. *Easton Tire v. Farmers & Merchants Bank,* 642 S.W.2d 396 at 399. *See also* Verkuil, Bank Solvency & Guaranty Letters of Credit, 25 Stan.L.Rev. 716 (1973); Arnold and Bransilver, The Standby Letter of Credit—The Controversy Continues, 10 U.S.C. L.J. 493 (1977). Whereas the "traditional" letter of credit acts as a payment medium for goods sold, the "guaranty" or "stand-by" letter of credit is designed to ensure against customer defaults on obligations of all kinds, both monetary and non-monetary. *Easton Tire v. Farmers & Merchants Bank,* 642 S.W.2d 396 at 399; White and Summers, Uniform Commercial Code § 19 (3rd Ed.1988). The "guaranty" or "stand-by" letter of credit functions somewhat like the results previously obtained by such devices as performance bonds, escrow agreements, repurchase agreements, steamship guarantees, and leases on real and personal property. *Easton Tire v. Farmers & Merchants Bank,* 642 S.W.2d 396 at 399; Verkuil, *supra* at 721. Also *see,* as an example, *State ex rel. Turco Development Co. v. Lasky,* 581 S.W.2d 935 (Mo.App.1979). Additionally, another primary characteristic of the "guaranty" or "stand-by" letter of credit is that the transaction arises in the context other than the sale of goods. *Easton Tire v. Farmers & Merchants Bank,* 642 S.W.2d 396 at 399; Baird, Standby Letters of Credit in Bankruptcy, 49 U.Chi.L.Rev. 130, 135 (1982).

The "traditional" letter of credit described above is the means by which the parties pay one another if the underlying transaction takes place as planned. Whereas, in contrast, the "guaranty" or "stand-by" letter of credit is never drawn upon if the transaction runs smoothly. The letter of credit is drawn upon if the principal means of payment fails. Joseph, Letters of Credit: The Developing Concepts and Financing Functions, 94 Banking L.J. 816, 818–819 (1977). The "guaranty" or "stand-by" letter of credit has become a standard feature in commercial transactions because of the bank's commitment under the letter is designed to ensure the letter's beneficiary from loss if the party with whom it has contracted defaults in its performance. Baird, *Supra,* at 131; *See Note,* Judicial Development of Letters of Credit Law: A Reappraisal, 66 Cornell L.Rev. 144, 145 n. 9 (1980) [citing Second Meeting on the Condition of the Banking System: Hearing Before the Senate Comm. on Banking, Housing, and Urban Affairs, 95th Cong., 2d Sess. 157 (1978)]. A letter of credit binds the bank to honor drafts whenever the beneficiary of the letter satisfies its conditions. U.C.C. § 5–114. Section 5–114(1) provides:

> An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary. U.C.C. § 5–114(1).

The "guaranty" or "stand-by" letter of credit incorporates the certificate that the seller must execute in order to draw on the letter of credit. Moreover, the letter of credit contains a definite expiry. J. Dolan, Uniform Commercial Code: Terms and Transactions in Commercial Law, § 3.5 (1991).

Thus, in the case at bar, Germania issued the "stand-by" letter of credit to give the beneficiary (itself acting as agent for itself) the comfort of knowing that it would get paid irrespective of the underlying contract. However, here, the evidence properly before the trial court indicates that Germania, the issuer, paid on the letter of credit when the terms of its face were not complied with. Without the Schwartz affidavit, the trial court only had before it two other affidavits. The first was the affidavit of Gerdelman attesting to the fact that the letter of credit specifically was to expire on May 1, 1989. The second was the affidavit of Davis attesting to the fact that the funding on the letter of credit occurred on September 6, 1989, over four months after expiring. Thus, a material issue existed and Germania was not, as a matter of law, entitled to a summary judgment under the admissible evidence.

Thomas's motion to strike Germania's affirmative request for relief is denied. Thomas's motion to strike Germania's brief as not complying with Rule 84.04(f) is denied.

Reversed and remanded.

KAROHL, J., concurs.

GRIMM, J., dissents.